**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 99-4268

ANTHONY GLENN MILLER, a/k/a T,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-98-139)

Submitted: January 31, 2000

Decided: February 23, 2000

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian M. Aus, Durham, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Glenn Miller appeals from sentences totaling 352 months following his guilty plea to conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, 21 U.S.C. § 846 (1994), attempting to possess with the intent to distribute cocaine, 21 U.S.C. § 841(a) (1994), and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A.§ 924(c) (West Supp. 1999). Miller claims on appeal that the district court erred in enhancing his base offense level by four levels pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998) based on a finding that he was an organizer or leader of a criminal activity that involved five or more persons or was "otherwise extensive." Finding no reversible error, we affirm.

In determining whether an enhancement under USSG§ 3B1.1(a) is appropriate, the court should consider: (1) whether the defendant exercised decision making authority; (2) the nature of his participation in the commission of the offense; (3) whether he recruited accomplices; (4) whether he had a claimed right to a greater share of the proceeds of the crime; (5) the degree of his planning or organizing the offense; (6) the nature and scope of the conspiracy; and (7) the degree to which he exercised control over others. See USSG § 3B1.1, comment. (n.4). Even in cases in which the defendant did not organize or manage one or more of the participants, an upward departure may be warranted where he has "exercised management responsibility over the property, assets, or activities of a criminal organization." USSG § 3B1.1, comment. (n.2). An enhancement under the guidelines must be supported by a preponderance of the evidence. See United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989). This court grants substantial deference to the district court's factual findings that a defendant was a leader or organizer of a conspiracy involving five or more persons and reverses only if the district court's decision was clearly erroneous. See United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990).

A review of the record discloses that the district court did not clearly err in finding that Miller's testimony supported enhancing his

2

sentence under USSG § 3B1.1(a). Miller pled guilty to an indictment charging conspiracy with Wayne Clarke, Cole Coleman, and Carolyn McCorkle, and other unnamed persons to possess with the intent to distribute and to distribute cocaine and crack cocaine. At his sentencing hearing, Miller denied the involvement of the named co-conspirators. However, he admitted that: (1) he began selling cocaine in 1995; (2) after a year's time, he was selling a half kilogram worth of cocaine every week to two weeks; (3) he sold to Timothy Mack for six months during 1996; (4) he maintained several stash houses from where he sold crack cocaine; (5) for almost a year until his arrest in 1998 he worked with Wayne Clarke, and during that time that they sold a kilogram of cocaine every two to four weeks; (6) he and Clarke purchased cocaine together and cooked it into crack cocaine; (7) Clarke lived in one of Miller's stash houses that was a distribution point for crack cocaine; (8) during 1996 and 1997, Miller purchased approximately ten kilograms of cocaine from Jeffrey Taylor in New York; (9) during this same time, he purchased ten to fifteen kilograms of cocaine from Andre Jackson in New York; and (10) the cocaine was often transported from New York to North Carolina by Clarke. Thus, the record supported the district court's findings. See USSG § 3B1.1, comment. (n.2&4); see generally United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993) (enhancements for a defendant's leadership role in a conspiracy under USSG § 3B1.1(a) have been applied where a defendant was "a major supplier of both drugs for distribution and re-distribution by other members of the conspiracy," and thus had a central role in the conspiracy).

Accordingly, we affirm Miller's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3